No. 80-324

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

STATE OF MONTANA,

        Plaintiff and Appellant,

    -vs-

PHILMON LARSON,

        Defendant and Respondent.

---

Appeal from:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Peter Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Charles Graveley, County Attorney, Helena, Montana

    For Respondent:

        Bernard Everett, Anaconda, Montana

---

Submitted on Briefs: November 26, 1980

Decided: FEB 17 1981

Filed: FEB 17 1981

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The State appeals from a final judgment of the District Court of the First Judicial District, County of Lewis and Clark, dismissing with prejudice the information charging defendant with arson. The dismissal was based on a deprivation of defendant's constitutional rights to a speedy trial and due process of law.

On September 29, 1978, defendant's home in Helena, Montana, was destroyed by fire. The cause of the fire was suspicious. Therefore, the fire marshall for the City of Helena and the State fire marshall's office conducted an investigation. They determined that the fire was caused by arson on October 11, 1978.

On April 13, 1979, over seven months after the home was destroyed by fire, the county attorney's office for Lewis and Clark County filed a complaint in Justice Court charging defendant with arson and criminal mischief. As a result of the complaint, the Justice Court issued a warrant for defendant's arrest.

Defendant's known residence was in Butte, Montana, so immediately after the warrant was issued the county attorney's office sent it to the Silver Bow County sheriff's office. The warrant, however, was not served on defendant until November 27, 1979. The reason given for the delay in serving the warrant was that defendant was not always present at the address given as his residence.

Following his arrest defendant was brought before the Justice Court for his initial appearance. A preliminary hearing was set for December 18, 1979, but was continued at the request of defendant because he had no attorney. The

-2-

county attorney's office was informed later in December that defendant had obtained his present counsel.

No further action was taken by the county attorney's office until April 23, 1980, when it moved the District Court for leave to file an information charging defendant with felony arson and felony criminal mischief. Leave was granted and defendant was ordered to appear before the court on May 1, 1980, for his initial appepearance.

Following defendant's initial appearance, the county attorney's office moved the court for substitution of judge.

On May 5, 1980, defendant was arraigned before the District Court, the Honorable Peter G. Meloy presiding, on the charges filed against him. The court set June 9, 1980, as the trial date.

On May 21, 1980, defendant made aa motion to dismiss for denial of his constitutional rights to a speedy trial and due process of law. After a hearing on the matter the District Court granted the motion and dismissed the information with prejudice.

The sole issue on appeal is whether the District Court erred in dismissing the information on the basis that the defendant was denied his constitutional right to a speedy trial.

The right to a speedy trial is a federal and state constitutional guarantee. U. S. Const., Amend. VI; 1972 Mont. Const., Article II, Section 24.

When presented with a speedy trial inquiry, it is necessary to examine the issue under the balancing test suggested in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. See State v. Freeman (1979), ____

-3-

Mont. ____, 599 P.2d 368, 36 St.Rep. 1622; State v. Puzio (1979), ____ Mont. ____, 595 P.2d 1163, 36 St.Rep. 1004; State v. Tiedemann (1978), 178 Mont. 394, 584 P.2d 1284, 35 St.Rep. 1705.

Four factors to be considered under the analysis are: (1) length of delay; (2) reason for delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. Barker, 407 U.S. at 530. It must be remembered, however, none of the four factors is recognized as either a necessary or sufficient condition to a finding that the right to a speedy trial has been deprived. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. The Court must still engage in a difficult and sensitive balancing process. See Barker, 407 U.S. at 533.

As to the first factor of consideration, length of delay is the triggering device. There is no need to examine other factors unless some delay has occurred which is presumptively prejudicial. Barker, 407 U.S. at 530; accord, Tiedemann, 584 P.2d at 1287; State v. Keller (1976), 170 Mont. 372, 377, 553 P.2d 1013, 1016-1017.

In determining length of delay, the State argues that the clock only begins to run at the time defendant was arrested. Defendant contends that the speedy trial clock started to run when the complaint in Justice Court was filed and the arrest warrant was issued. We concur with defendant's position.

The right to a speedy trial is guaranteed to an "accused" by the Montana and United States constitutions. Consequently, the protection afforded by the guarantee is

-4-

activated when a criminal prosecution has begun and extends to those persons who have been formally accused or charged in the course of that prosecution, whether that accusation be by arrest, the filing of a complaint, or by indictment or information. See Williams v. Darr (1979), 4 ~~K.A.~~2d ~~104~~, Kan. App. 178 603 P.2d 1021; State v. Lindsay (1975), 96 Idaho 474, 531 P.2d 236; United States v. Marion (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; People v. Love (1968), 39 Ill.2d 436, 235 N.E.2d 819; Lucas v. United States (9th Cir. 1966), 363 F.2d 500.

In this State a criminal prosecution may be commenced by a complaint, information or indictment. See section 46-11-101, MCA. All three methods formally charge an individual with a particular crime and "accuses" that person with the commission of the offense. See sections 46-1-201(1) and 46-11-401, MCA. The State chose to institue its prosecution against defendant by filing a complaint on April 13, 1979, charging him with felony arson and criminal mischief. Having been charged with the particular crimes, defendant is recognized as an accused on this date whereupon the speedy trial clock begins to run.

The length of delay from the time defendant became an accused until the date the information was filed in District Court on April 23, 1980, is 376 days. The period of time between arrest and the scheduled trial on June 9, 1980, is 423 days. Such a period of delay is long enough to trigger a further inquiry in this matter.

The first delay in this matter occurred between the filing of the complaint and the actual arrest of defendant on November 27, 1979 (a period of 228 days). The State

maintains it was unable to contact or locate the defendant, and, thus, the delay is justified. Such a position, however, is hard to accept in light of the fact that the prosecution had information as to defendant's residence and knew of various spots in Butte where defendant could be found.

After defendant was finally arrested, the next delay in prosecution occurred between service of the warrant and when the information was filed in the District Court on April 23, 1980 (a period of 148 days). During this period of time a preliminary hearing was scheduled for December 18, 1979, but canceled at defendant's request in that he was no longer represented by counsel. Defendant, however, procured legal counsel later that month, and the prosecution was so informed. The delay in this regard was minimal.

After defendant obtained counsel, the State contends that any further delay in filing the information was the result of defense counsel's failure to inform the prosecution of whether or not defendant was going to waive a preliminary examination. As a result of this delay, the State asserts that a witness needed for the filing of the information became unavailable until April 1980.

We note the State's contentions but must conclude that the reasons advanced for the delay in filing the information are insufficient to justify its length. The admitted understanding between the parties was that the prosecution was going to apply directly to the District Court for permission to file the information, whether or not defendant waived the preliminary examination. It is apparent that defendant's intentions regarding the waiver were of little importance to the prosecution. With this being the case,

-6-

the State cannot now relay on defendant's failure in this regard to justify its delay in filing. Furthermore, it is not the duty of defendant to bring himself to trial. Thus, the State cannot rely upon defendant's failure to act in furtherance of his own prosecution.

Had the State diligently pursued the charges against defendant in District Court as originally intended, any delay would have been minimal and its "needed" witness would have been available. The extended delay must be deemed attributable to the State.

Defendant, having filed a motion to dismiss prior to trial which asserted a denial of a speedy trial, is deemed to have fulfilled this element of the speedy trial analysis. See State v. Puzio, supra; State v. Steward (1975), 168 Mont. 385, 543 P.2d 178.

Prejudice in a speedy trial context is to be assessed in light of the interests of defendants which the speedy trial right was designed to protect. In this regard, defendants' interests have been identified as: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker v. Wingo, 407 U.S. at 532.

Of the three identified interests, the most important is the last because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Barker, 407 U.S. at 532.

Defendant contends that as a result of the delay in prosecuting the charges he is now unable to adequately prepare his alibi defense. In particular, defendant asserts

that he no longer remembers the various people in Butte who saw him on the night of the fire. Moreover, defendant points out that any physical evidence supportive of his defense was no longer discoverable in that the house had already been torn down and removed by the time he was arrested.

As to defendant's assertion that he was unable to locate potential witnesses, the State argues that the record here is bare of any supportive evidence needed to establish actual prejudice. We note this lack of evidence but must acknowledge that what has been forgotten can rarely be shown; consequently, loss of memory cannot always be fully reflected in the record. See Barker, 407 U.S. at 532.

Due to the length of delay (over twelve months), an inability to recall and reconstruct the events of the day of the offense with specificity is a plausible claim. Its deleterious effect on the ability of the defendant to prepare an adequate defense is more than obvious. Being a claim that seriously affects a defendant's ability to defend himself at trial, prejudice to defendant caused by the delay is deemed established.

As to the lack of physical evidence again, due to the length of delay and the fact that the house no longer exists, defendant asserts a plausible claim of prejudice. It is true that the State has made available to defendant all evidence within its possession; however, to now force defendant to prepare a defense, some fourteen months after the fact, based solely on the prosecution's own physical evidence, violates this Court's sense of fair play.

After considering the circumstances in light of the

factors established by Barker, we must conclude that there has been excessive delay in prosecution with no viable justification; that defendant's assertion of the right to a speedy trial was proper and timely; and that prejudice to the defendant directly resulted from the delay.

The judgment of the District Court is affirmed.

_____
                Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices

This cause was submitted prior to January 5, 1981.