

**FILED**

January 28 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0775

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 22

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

JARED MULLOY LUKE,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 12-299(B)
Honorable Robert B. Allison, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

           Wade Zolynski, Chief Appellate Defender, Nicholas Domitrovich, Assistant Appellate Defender; Helena, Montana

       For Appellee:

           Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General; Helena, Montana

           Ed Corrigan, Flathead County Attorney, Caitlin Overland, Deputy County Attorney; Kalispell, Montana


                    Submitted on Briefs:  November 13, 2013
                            Decided:  January 28, 2014


Filed:

_____
                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 The State of Montana charged Jared Mulloy Luke with five misdemeanor offenses in Flathead County Justice Court. Luke filed a motion to dismiss under § 46-13-401(2), MCA, on the ground that he had not been brought to trial within six months of entering his not-guilty pleas. The Justice Court denied the motion, and the Eleventh Judicial District Court affirmed. Luke now appeals to this Court.

¶2 The issue on appeal is whether good cause existed for holding Luke's trial past the six-month deadline in § 46-13-401(2), MCA. We conclude that good cause existed, and we accordingly affirm the decisions of the Justice Court and the District Court.

## BACKGROUND

¶3 Luke was charged on November 26, 2011, with the following offenses: driving under the influence of alcohol or, in the alternative, with an alcohol concentration of 0.08 or more, first offense, in violation of § 61-8-401(1)(a) or -406(1)(a), MCA, respectively; failure to carry proof of insurance, in violation of § 61-6-302(2), MCA; possession of an open alcoholic beverage container, in violation of § 61-8-460, MCA; and speeding, in violation of § 61-8-309, MCA. Luke appeared in the Justice Court on December 5, 2011, and entered pleas of not guilty.

¶4 The Justice Court held an omnibus hearing on February 7, 2012. Luke and his counsel appeared in person. The Omnibus Hearing Order and Memorandum, which Luke and his counsel both signed, states in pertinent part that "[i]f either party requests a jury trial, the Court will send the parties notice of the jury trial date and will set a date and time for a pretrial conference. The pretrial conference will be set to occur during the

2

week prior to the date scheduled for the jury trial." The Memorandum further states that, at the pretrial conference, the party requesting a jury trial "shall . . . [a]ppear and confirm the party's intention to proceed to trial by jury." The party must also "[f]ile proposed jury instructions and verdict form and serve a copy upon the opposing party." Finally, this section of the Memorandum concludes with the following paragraph:

> If the party requesting a jury trial either fails to appear at the pretrial conference and to confirm the party's intention to proceed to trial by jury or fails to file and serve proposed jury instructions and verdict form at or before the pretrial conference, the party shall be deemed to have waived the party's right to trial by jury trial and the jury trial shall be vacated and the case re-set by the Court for a bench trial at the next available time. . . .

The Memorandum indicates that Luke requested a jury trial.

¶5 The next day (February 8, 2012), the Justice Court notified Luke, his counsel, and the prosecutor that a jury trial would be held May 3 at 9 a.m. and that the pretrial conference would be held April 27 at 4 p.m. The Notice of Pretrial Conference stated: "The court hereby orders the personal attendance of the defendant at this hearing." Yet, while Luke's counsel appeared at the April 27 conference, Luke did not. Although the parties (in their respective briefs on appeal) dispute whether Luke was merely "late" to the conference or instead "showed up after the [conference had] occurred," the timing of Luke's arrival is immaterial. Luke concedes that his failure to appear at the conference on time was enough to trigger the waiver provision quoted above. Luke notes that he "has never contested his waiver of a jury trial" due to his failure of timely appearance.

¶6 On April 30, 2012, the Justice Court gave notice that a bench trial would be held on June 13 at 4 p.m. On the date of the bench trial, Luke appeared with his counsel and

moved to dismiss the case on the ground that trial was being held beyond the deadline imposed by § 46-13-401(2), MCA. This statute requires a misdemeanor prosecution to be dismissed, with prejudice, if the defendant is not brought to trial within six months of entering his plea, unless the trial has been postponed upon the defendant's motion or good cause has been shown for the delay. Luke argued that the six-month deadline had passed eight days earlier (on June 5), that he had not filed any motions postponing the trial, and that there was no good cause for delaying his trial past the six-month window.

¶7 The Justice Court denied Luke's motion. The court reasoned that Luke's failure to appear at the pretrial conference constituted good cause for vacating his jury trial and rescheduling it as a bench trial. The court stated (in open court) that the bench trial had been "rescheduled according to the next available date on the court's calendar which happened to be today at 4 p.m." The court then conducted the bench trial and found Luke guilty of speeding, driving with an alcohol concentration of 0.08 or more, and failing to carry proof of insurance. The court acquitted him of the open-container violation and the alternate DUI charge. The court sentenced Luke to six months in jail, with all but one day suspended, and imposed fines totaling $1,035.

¶8 Luke appealed to the District Court, which affirmed the denial of his motion to dismiss. The District Court reasoned that there was a connection between Luke's failure to appear at the pretrial conference and the delay in his trial. The court noted that Luke had been clearly advised that if he failed to appear at the pretrial conference, his jury trial would be vacated and a bench trial would be rescheduled for the Justice Court's next available date. The District Court rejected Luke's contention that the Justice Court could

4

have held the bench trial on the May 3 date originally set for the jury trial, noting that Luke had not pointed to any evidence in the record supporting this claim. The District Court also noted that the Justice Court was not required to relinquish its flexibility in the scheduling of cases in order to accommodate Luke's failure to appear. The District Court concluded that good cause existed to justify the delay in Luke's trial.

## STANDARDS OF REVIEW

¶9 On Luke's appeal from the Justice Court, the District Court functioned as an intermediate appellate court. *See* §§ 3-5-303 and 3-10-115, MCA. Acting in its appellate capacity, a district court does not make findings of fact or discretionary trial court rulings; rather, the district court is " 'confined to review of the record and questions of law.' " *Stanley v. Lemire*, 2006 MT 304, ¶ 25, 334 Mont. 489, 148 P.3d 643 (quoting § 3-10-115(1), MCA). Like this Court, the district court reviews factual findings under the "clearly erroneous" standard, discretionary rulings for abuse of discretion, and both legal conclusions and mixed questions of law and fact de novo. *Stanley*, ¶ 25. Since the scope of the district court's review is the same as this Court's review of the lower court's judgment, we review the case as if the appeal originally had been filed in this Court. *Stanley*, ¶ 26; *State v. Ellison*, 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646. We examine the record independently of the district court's decision, applying the relevant standard of review. *Ellison*, ¶ 8; *Stanley*, ¶ 26.

¶10 Here, the question is whether the charges against Luke had to be dismissed under § 46-13-401(2), MCA. Whether the right to speedy trial has been violated is a question of law, and we review the trial court's legal conclusions to determine whether the court's

5

interpretation of law is correct. *City of Helena v. Roan*, 2010 MT 29, ¶ 7, 355 Mont. 172, 226 P.3d 601; *State v. Martz*, 2008 MT 382, ¶ 17, 347 Mont. 47, 196 P.3d 1239. We will not disturb any factual findings underlying the trial court's application of § 46-13-401(2), MCA, unless those findings are shown to be clearly erroneous. *Roan*, ¶ 7; *State v. Hass*, 2011 MT 296, ¶ 13, 363 Mont. 8, 265 P.3d 1221. The court's application of controlling legal principles to its factual findings is a mixed question of law and fact, which we review de novo. *State v. Weaver*, 2008 MT 86, ¶ 10, 342 Mont. 196, 179 P.3d 534.

## DISCUSSION

¶11 ***Whether good cause existed for holding Luke's trial past the six-month deadline in § 46-13-401(2), MCA.***

¶12 A criminal defendant has a fundamental constitutional right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24 of the Montana Constitution. *State v. Ariegwe*, 2007 MT 204, ¶ 20, 338 Mont. 442, 167 P.3d 815; *State v. Stops*, 2013 MT 131, ¶ 18, 370 Mont. 226, 301 P.3d 811. Distinct from that constitutional right, a criminal defendant also has a statutory right to be brought to trial on a misdemeanor charge within six months of entering his or her plea, with important exceptions discussed below. Section 46-13-401(2), MCA. In the present case, Luke has asserted only his statutory right to a speedy trial.

¶13 Pursuant to § 46-13-401(2), MCA, a prosecution on a misdemeanor charge must be dismissed, with prejudice, if the defendant is not brought to trial within six months after entering his or her plea. This requirement applies, however, only if (1) the trial "has

not been postponed upon the defendant's motion" and (2) the State has not shown "good cause" for the delay.  Section 46-13-401(2), MCA; *accord Martz*, ¶ 30.[1]

¶14 In the present case, the first prong is met.  Luke did not file any motion requesting a postponement of his trial.  Nor did he file any pretrial motions that had the "incidental effect" of delaying his trial beyond the six-month time limit.  *State v. Fitzgerald*, 283 Mont. 162, 166-67, 940 P.2d 108, 111 (1997).  In fact, Luke did not file any motions at all until he filed his motion to dismiss under § 46-13-401(2), MCA.

¶15 This case, therefore, turns on the second prong:  whether "good cause" was shown for the delay.  Good cause is generally defined as a "legally sufficient reason" and is referred to as "the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused."  *Roan*, ¶ 13 (internal quotation marks omitted).  Good cause necessarily depends on the totality of the facts and circumstances of the particular case.  *Roan*, ¶ 13.

¶16 In arguing that the State failed to establish good cause for the delay here, Luke relies heavily on *State v. Bertolino*, 2003 MT 266, 317 Mont. 453, 77 P.3d 543, where we held that Bertolino's passive disregard for court-ordered deadlines did not constitute good cause for delaying her trial beyond the six-month time limit.  We emphasized that "the record reveals no connection between Bertolino's failure to respond to the [court] orders and the failure to bring the case to trial within six months."  *Bertolino*, ¶ 15.  Luke argues

---

[1] The statute states, in full:  "After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months."  Section 46-13-401(2), MCA.

that his situation is analogous because, in his view, his failure to appear as ordered at the pretrial conference did not cause "affirmative procedural delay." *See Bertolino*, ¶ 14 (citing *Fitzgerald*, 283 Mont. at 166-67, 940 P.2d at 111).

¶17 We agree with the State, however, that *Bertolino* is distinguishable. Luke was on notice that his "personal attendance" at the pretrial conference was mandatory and that, if he failed to appear at the conference, his case would be reset as a bench trial at the next available time. Unlike *Bertolino*, where there was no indication that Bertolino's failure to comply with court orders necessitated a continuance of the trial, there is a clear and direct connection between Luke's failure to appear punctually for the pretrial conference and his trial date's being rescheduled from May 3, 2012, to June 13, 2012.

¶18 *Bertolino* aside, Luke's primary argument is that the Justice Court's decision to postpone his trial to June 13 was "unnecessary." He opines that "holding a bench trial instead of a jury trial on the already scheduled date" would not have been inconvenient for the Justice Court. Luke asserts that his "tardiness in attending his pretrial conference did not disrupt the Justice Court's schedule," and he posits that "[w]ith a May 3rd trial date already scheduled, the Justice Court should have simply converted the May 3rd jury trial date into a bench trial date and heard evidence that day."

¶19 In essence, Luke proposes that where a defendant has waived (or forfeited) his right to a jury trial on a misdemeanor charge by failing to appear at a mandatory pretrial conference, the justice court must "convert" the scheduled jury trial into a bench trial so as to accommodate the defendant's right to be brought to trial within six months. We decline to adopt such a rule. As we have stated, a justice court "must retain a measure of

8

flexibility over scheduling to hear cases on its docket." *Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111. In this regard, Luke acknowledged in his brief filed in the District Court that the Justice Court's practice was to set a number of cases for jury trial on Thursday of each week. The case with highest priority would go to trial that day and the remaining cases would be moved to another date. But if the case with highest priority settled or was continued, then the next priority case would go to trial. We note that jury trials are "stacked" in this manner because a jury trial requires that juror summonses be issued by the trial court normally two weeks in advance. In this State, we do not have juries available on standby for one defendant, waiting to see whether that defendant will plead guilty, request a continuance, or request a bench trial. Trial courts, therefore, must maximize the presence of a jury panel by setting several trials on the day for which it has issued juror summonses. While the Dissent characterizes this as a matter of "the court's convenience," Dissent, ¶ 28, this is, in fact, the only way in which Montana trial courts can assure defendants that they will receive the jury trial to which each of them is entitled. The Dissent fails to recognize that defendants in other jury trials set by the trial court similarly have speedy trial rights which have not been waived, as here, by the defendant's failure to appear at the pretrial conference. This is not to say that the Justice Court could simply ignore the statute's requirement that Luke be brought to trial within six months; however, contrary to Luke's argument, the Justice Court was not required to convert the jury trial into a bench trial in order to accommodate Luke's speedy trial right when he had failed to comply with the court's order requiring him to appear at the pretrial conference. *Cf. Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111 ("After these delays

9

caused by Fitzgerald, the Justice Court cannot be expected to alter its schedule to ensure that the misdemeanor charge is tried within six months.").

¶20   Luke's bench trial occurred eight days beyond the six-month deadline. The only question for purposes of § 46-13-401(2), MCA, is whether, on the totality of the facts and circumstances, there was good cause—i.e., a "legally sufficient reason," *Roan*, ¶ 13—for this delay. The record, in summary, reflects that on February 8, 2012, the Justice Court set a jury trial for the morning of May 3 and notified Luke that he was required to attend personally a pretrial conference set for the afternoon of April 27. Luke was told that if he did not appear at the conference, the case would be reset for a bench trial "at the next available time." Luke failed to appear on April 27 at the appointed time. Hence, on April 30, the Justice Court set a bench trial for the afternoon of June 13. As the Justice Court stated when denying Luke's motion to dismiss, his trial had been "rescheduled according to the next available date on the court's calendar which happened to be today [June 13] at 4 p.m." We conclude that Luke's notice of the pretrial conference, his notice of the consequences of not appearing personally at the conference, his unexcused absence from the conference, and the Justice Court's prompt rescheduling of his trial constituted, together, good cause for holding his trial eight days past the six-month deadline.

¶21   As a final matter, Luke contends that the Justice Court should have warned him that "tardiness or a failure to appear [at the pretrial conference] will result in the loss of speedy trial rights." Thus, because he allegedly was not given such warning, Luke argues that his motion to dismiss should have been granted. Luke, however, did not "lose" his statutory right to a speedy trial by failing to appear at the pretrial conference. Throughout

10

the proceedings, Luke had the right to be brought to trial within six months. That right, however, was not unqualified. It was always subject to delays for "good cause." Section 46-13-401(2), MCA. Furthermore, Luke was warned unambiguously that his failure to appear as ordered at the conference would result in his trial being reset for "the next available time." Given that the May 3 jury trial setting was already five months after the entry of his pleas, it was certainly plausible that "the next available time" for his bench trial would fall outside the six-month window. Consequently, even assuming that Luke was required to be given a warning regarding his statutory right to a speedy trial—a requirement for which he cites no authority—he did receive sufficient warning here.

¶22 The Justice Court did not err in denying Luke's motion to dismiss, and the District Court, accordingly, did not err in affirming the Justice Court's decision.

¶23 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE

Justice Michael E Wheat dissents.

¶24 In my view, this Court is wrong to affirm the District Court's denial of Luke's motion to dismiss because the Justice Court did not grant Luke a trial within six months, as required by statute. Section 46-13-401(2), MCA, *requires* dismissal of a misdemeanor

11

charge against a defendant if, after the entry of a plea, the defendant is not brought to trial within six months, the State fails to show good cause for the delay, and the delay is not caused by the defendant's own motion. As we observed in *State v. Bertolino*, 2003 MT 266, ¶ 13, 317 Mont. 453, 77 P.3d 543, "[t]he statute itself serves as the sole standard of whether good cause for the delay has been shown." (Internal citation and quotation omitted.) In *Bertolino*, we concluded that Bertolino's "passive disregard for court-ordered deadlines" was not "good cause" for a delay beyond the six-month deadline. *Bertolino*, ¶¶ 14-16.

¶25 The majority's opinion relies on the need for flexibility in scheduling we emphasized in *State v. Fitzgerald*, 283 Mont. 162, 940 P.2d 108 (1997). In *Fitzgerald*, a criminal defendant moved to dismiss pursuant to § 46-13-401(2), MCA, even though the delay to his trial was caused by his motions for continuances of his omnibus hearing date. *Fitzgerald*, 283 Mont. at 166-67, 940 P.2d at 110-11. We held that "the Justice Court cannot be expected to alter its schedule to ensure that the misdemeanor charge is tried within six months" where the defendant's own motion is the reason for the delay. *Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111. Instead, we observed that "[a] Justice Court must retain a measure of flexibility over scheduling to hear cases on its docket." *Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111. In contrast, here, Luke did not file any motions or continuances that caused the delay.

¶26 The facts of this case are more like those in *Bertolino*. There, Bertolino and her counsel failed to respond to several court-ordered deadlines, including a deadline to file a waiver of her right to a jury trial. *Bertolino*, ¶¶ 6-8. The court reset the trial upon the

12

State's motion because the County Attorney had to appear in Helena on the day set for the trial. *Bertolino*, ¶ 7. The court scheduled a non-jury trial, but not within the six months required by statute. *Bertolino*, ¶ 8. At the bench trial, Bertolino filed a motion to dismiss because her case had not been brought to trial within six months of the entry of her plea. *Bertolino*, ¶ 8. This Court explained there was no connection between the delay to the trial date and Bertolino's failure to comply with the court orders. *Bertolino*, ¶ 15. The State, instead of offering an argument that good cause was established because the County Attorney was not available for trial, simply pointed a finger at Bertolino "in an effort to blame her for the failure to try the case in a timely manner." *Bertolino*, ¶ 15. Since the State failed to demonstrate good cause for the delay, we held that Bertolino's motion to dismiss should have been granted. *Bertolino*, ¶ 16.

¶27 The State's attempt to point to Luke's failure to appear at the pretrial conference as the reason for the delay is an effort to hide the ball that mirrors the argument we rejected in *Bertolino*. The State blames Luke for its failure to try the case in a timely manner, even though the delay to the trial was not—by the majority's own admission— caused by any motion of Luke's. Our decision in *Bertolino* serves to illustrate that where the State wishes to show good cause for exceeding the six-month limit, it must explain why *its* actions resulted in that administrative failure. *See Bertolino*, ¶ 15. It may not point to the defendant's actions where the delay has not been caused by some motion or continuance filed by the defendant—the language of the statute forecloses such an argument. *See* § 46-13-401(2), MCA (providing an exception to the six month limit where trial has been postponed upon the defendant's motion); *Fitzgerald*, 283 Mont. at

13

166-67, 940 P.2d at 111 (providing that any pretrial motion with the incidental effect of delaying the trial can be said to "postpone trial" for the purposes of § 46-13-401(2), MCA).

¶28 Rather, the State has the burden of showing good cause for the delay sufficient to alleviate its statutory obligation to bring the case to trial within six months. The State has not done so. The record does not reveal why the State failed to bring the case to trial within six months. The court's routine scheduling practices do not amount to a "legally sufficient reason," *Roan*, ¶ 13, for failing to comply with the statute. Similarly to *Bertolino*, where the County Attorney's absence caused the delay to Bertolino's trial, Luke's trial date appears to have been delayed solely based on the court's scheduling practices. Although "the Justice Court cannot be expected to alter its schedule to ensure that the misdemeanor charge is tried within six months" where the defendant's own motion is the reason for the delay, *Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111, the court's convenience does not supersede the State's obligation to comply with the statute where compliance is possible. The State has provided no reason why the court could not simply have conducted a bench trial during the time scheduled for a jury trial.

¶29 The majority's opinion does an excellent job explaining the reasons for the scheduling rules. Those reasons, however, are not part of the record and were not set forth in the State's brief. We review the record before us.

¶30 Nor should we accept the State's broad argument that the Justice Court's need for "flexibility over scheduling," *Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111, justifies the State's failure to comply with the statute. To do so would transform the statutory

14

requirement that misdemeanor cases be brought to trial within six months into a loose guideline subject to the Justice Court's discretion. Such a result would defy the plain language and intent of § 46-13-401(2), MCA.

¶31     The State has not shown good cause for its failure to bring Luke to trial within the period specified by the statute. I cannot join in the majority's opinion that the District Court correctly resolved this matter. I would reverse the District Court's determination and grant Luke's motion to dismiss.

/S/ MICHAEL E WHEAT