FILED

November 25 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0273

DA 13-0273

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 308

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

DARRYL DISMASS HODGE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 12-422A
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Wade M. Zolynski, Chief Appellate Defender, Helena, Montana

       For Appellee:

              Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

              Ed Corrigan, Flathead County Attorney, Stacy Boman, Deputy County Attorney, Kalispell, Montana

Submitted on Briefs:  October 22, 2014
Decided:  November 25, 2014

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Darryl Hodge appeals from the decision of the Eleventh Judicial District Court, Flathead County, which determined that Hodge's right to a speedy trial had not been violated. Hodge argues on appeal that his speedy trial right was violated by the delay in bringing him to trial in Flathead County Justice Court. We affirm.

## BACKGROUND

¶2 On May 4, 2010, the Flathead County Sheriff's Office stopped Hodge, placed him under arrest, and cited him with driving under the influence of alcohol, driving while license suspended, and traveling the wrong way on a one-way street, all misdemeanors. Hodge was released on his own recognizance the next day.

¶3 On May 21, 2010, Hodge appeared for arraignment in Justice Court. He entered pleas of not guilty and was appointed a public defender. The court set the omnibus hearing for July 13, 2010, and ordered Hodge "to appear in person." Hodge failed to appear at the July 13 hearing, however. Defense counsel explained that he had not had time to confer with Hodge and that he had intended to request a continuance of the omnibus hearing. The Justice Court opted not to issue a bench warrant for Hodge's failure to appear and instead continued the omnibus hearing to August 10, 2010.

¶4 On August 9, 2010, defense counsel moved to continue the omnibus hearing "for a period not less than 2 weeks" because "Defendant is currently working out of town." The Justice Court reset the hearing for September 7, 2010. In the interim, the State filed an amended complaint on September 3, adding an alternative charge of driving with an alcohol concentration of 0.08 or more, also a misdemeanor. On September 7, at the time

2

set for the rescheduled omnibus hearing, Hodge failed to appear. The Justice Court thus issued a warrant for his arrest that same day.

¶5 Hodge was arrested pursuant to the warrant nearly 22 months later, on June 29, 2012. He appeared in Justice Court on July 2, 2012, and pleaded not guilty to the Amended Complaint. The court ordered that he be released from custody and that he maintain contact with his attorney. The court set an omnibus hearing for September 4, 2012. The court's Omnibus Hearing Notice, provided both to defense counsel and to Hodge at his last known address, states: "**You must appear in person. . . . If you fail to attend the Omnibus Hearing you will waive (give up) the right to trial by jury.**" (Emphasis in original.) At the September 4 hearing, Hodge's counsel was present, but Hodge failed to appear. The Justice Court thus set a bench trial for November 7, 2012.

¶6 On September 18, 2012, Hodge, through counsel, filed a motion to dismiss for lack of a speedy trial. The thrust of his argument was that the "extreme" delay of over two years was due to negligence or lack of diligence by the State in serving the September 7, 2010 arrest warrant. Hodge further asserted: that his desire for a speedy trial "is clearly sincere"; that he had "undergone substantial change" and "reformed" during the intervening two years; that the State should not be allowed to "disrupt" his life by subjecting him to prosecution on "long forgotten" charges; and that the delay had eroded his memory of the events in question and precluded him from an opportunity to prepare a defense while the case was relatively fresh. In response, the State argued that there was no speedy trial violation. Primarily, the State contended that Hodge had been informed of the requirement to appear at court proceedings and, thus, the vast majority of

3

the delay should be attributed to him due to his refusal to appear. Additionally, the State argued that Hodge's conduct reflected a lack of desire to be brought to trial and that Hodge's ability to present a defense had not been impaired. The State noted that evidence, including police reports, various videotapes, and Hodge's breath analysis, had been preserved by the State and previously provided to the defense.

¶7     The Justice Court held a hearing on October 24, 2012. Hodge's counsel appeared at the hearing and presented no evidence. Hodge himself was not present and, thus, did not testify in support of his motion. Hence, no evidence was offered that he had suffered prejudice from the pretrial delay. The State presented the testimony of Flathead County Undersheriff Dave Leib. Leib testified that the Flathead County Sheriff's Office had approximately 5,000 active arrest warrants awaiting service. Deputies are given a current list of arrest warrants while on duty. Time permitting, they attempt to serve the warrants; however, warrants in felony cases are given priority. Due to limited resources, the Sheriff's Office cannot devote a deputy solely to locating and arresting persons subject to misdemeanor warrants. Thus, arrests on misdemeanor warrants typically occur when the person has incidental contact with law enforcement. Leib had no specific knowledge about the efforts made to serve the arrest warrant on Hodge.

¶8     The Justice Court denied Hodge's motion by order dated November 5, 2012. The court concluded that the six-month limit of § 46-13-401(2), MCA, had not been violated because Hodge's two requests to continue the omnibus hearing in July and August 2010, and his failure to appear for the third setting of the omnibus hearing on September 7, 2010, had the incidental effect of postponing his trial. *State v. Fitzgerald*, 283 Mont. 162,

4

166-67, 940 P.2d 108, 111 (1997). As for Hodge's constitutional claim, the court found that although the pretrial delay of 918 days was significant, 737 of those days (80 percent of the total delay) were attributable to Hodge's requests for continuances, his failure to appear as ordered at the September 7, 2010 omnibus hearing, and his decision to remain at large for nearly two years. Significantly, the court further found that Hodge's primary desire was not to receive a speedy trial but, rather, "to avoid appearing before the Court for any reason in this matter." Hodge had even failed to appear for the October 24, 2012 hearing conducted on his speedy trial motion. The court observed that "his response to the delays [is] more consistent with a person hoping now to obtain a fortuitous dismissal of the charges as opposed to a person intent upon obtaining the speedy trial that the law would otherwise prefer." Finally, the court found that Hodge had not been prejudiced by the delay. He had been subject to almost no pretrial incarceration; there was no evidence that the delay had disrupted his life; the charges, consisting of traffic offenses, were not particularly complex; there was no indication that any potential defense witness was missing or could not be located; and there was no indication that any potential defense theory or potentially exculpatory evidence had become unavailable.

¶9 At the time set for trial on November 7, 2012, Hodge failed to appear. Hodge's counsel was present. The Justice Court observed that notice of the trial had been sent to Hodge at his last known address, but Hodge had failed repeatedly to heed the court's notices and orders. The court entered a finding that Hodge either had remained willfully ignorant of the proceedings, or had knowledge of the trial and was voluntarily absent. The court thus proceeded with trial in Hodge's absence pursuant to § 46-16-122(2)(d),

5

MCA. The court ultimately found Hodge guilty of DUI per se (§ 61-8-406(1)(a), MCA) and driving the wrong direction on a one-way street (§ 61-8-327(2), MCA). The court dismissed the other charges. The court imposed fines plus a 10-day jail sentence, with all but 1 day suspended.

¶10 Hodge appealed to the District Court, challenging the denial of his motion to dismiss. The District Court affirmed, reasoning that because Hodge had "simply walked away from the process," his right to a speedy trial had not been violated. Hodge now appeals to this Court.

## STANDARDS OF REVIEW

¶11 The Flathead County Justice Court is a court of record pursuant to § 3-10-101(5), MCA. In an appeal from a justice court established as a court of record, the district court functions as an intermediate appellate court and, as such, is confined to review of the record and questions of law. Sections 3-5-303, 3-10-115, MCA; *State v. Luke*, 2014 MT 22, ¶ 9, 373 Mont. 398, 321 P.3d 70. Like this Court, the district court reviews factual findings under the "clearly erroneous" standard, discretionary rulings for abuse of discretion, and both legal conclusions and mixed questions of law and fact de novo. *Luke*, ¶ 9. Because the scope of the district court's review and this Court's review is the same, we review the justice court's decision as if the appeal originally had been filed in this Court. *Luke*, ¶ 9. We examine the record independently of the district court's decision, applying the relevant standard of review. *Luke*, ¶ 9.

¶12 Whether the constitutional right to a speedy trial has been violated is a question of law. *State v. Zimmerman*, 2014 MT 173, ¶ 11, 375 Mont. 374, 328 P.3d 1132. We

6

review the trial court's legal conclusions to determine whether the court's interpretation of law is correct. *Zimmerman*, ¶ 11. The trial court's underlying factual findings are reviewed to determine whether those findings are clearly erroneous. *Zimmerman*, ¶ 11.

## DISCUSSION

¶13 *Whether Hodge's right to a speedy trial was violated.*

¶14 Pursuant to § 46-13-401(2), MCA, a prosecution on a misdemeanor charge must be dismissed, with prejudice, if the defendant is not brought to trial within six months after entering his plea, unless (1) the trial has been postponed upon the defendant's motion or (2) the State has shown "good cause" for the delay. Apart from this statutory provision, the United States Constitution and the Montana Constitution provide that, "[i]n all criminal prosecutions," the accused has the right to a speedy trial. U.S. Const. amends. VI, XIV; Mont. Const. art. II, § 24; *Zimmerman*, ¶ 12. Generally speaking, it is unnecessary to apply the constitutional analysis in misdemeanor cases since the statutory protection—mandating dismissal after six months, absent the two exceptions specified in the statute—is "more restrictive" than the constitutional standard. *State v. Ronningen*, 213 Mont. 358, 362, 691 P.2d 1348, 1350 (1984); *see also City of Helena v. Broadwater*, 2014 MT 185, ¶ 14, 375 Mont. 450, 329 P.3d 589; *State v. Case*, 2013 MT 192, ¶ 6, 371 Mont. 58, 305 P.3d 812; *State v. Bullock*, 272 Mont. 361, 368, 901 P.2d 61, 66 (1995); *State v. Belgarde*, 244 Mont. 500, 507, 798 P.2d 539, 544 (1990). Nevertheless, a misdemeanor defendant may choose, as Hodge has done here, to assert only the constitutional protection. In fact, the constitutional protection is the defendant's only protection in cases where the statute is inapplicable because the trial was postponed upon

7

the defendant's motion or the State showed good cause for delaying the trial past the statutory six-month deadline. Thus, because Hodge asserts only his constitutional right, we limit our analysis to that issue.

¶15 The constitutional right to a speedy trial is necessarily relative and depends upon the circumstances of the case. *State v. Ariegwe*, 2007 MT 204, ¶ 104, 338 Mont. 442, 167 P.3d 815. To determine whether the delay in bringing the accused to trial amounts to a constitutional violation, we consider (1) the length of the delay, (2) the reasons for the delay, (3) the accused's responses to the delay, and (4) prejudice to the accused as a result of the delay. *Ariegwe*, ¶¶ 106-111. These factors must be balanced to determine whether the accused has been deprived of his or her right. *Zimmerman*, ¶ 12. No one factor is dispositive by itself; the factors are related and must be considered together with any other relevant circumstances. *Ariegwe*, ¶ 112. Each factor's significance will vary from case to case. *Ariegwe*, ¶ 105.

¶16 **Factor One.** At the time the Justice Court considered Hodge's motion, the pretrial delay was 918 days from Hodge's May 4, 2010 arrest to the November 7, 2012 trial setting. This is a significant delay, especially given that the case involved relatively simple misdemeanor offenses. As such, the State has a heavy burden to justify the delay and to show that Hodge was not prejudiced. *State v. Morrisey*, 2009 MT 201, ¶ 53, 351 Mont. 144, 214 P.3d 708; *cf. Zimmerman*, ¶ 21 (we tolerate considerably less delay for simple, ordinary driving offenses than for complex charges).

¶17 **Factor Two.** The Justice Court determined that, of the 918-day delay, Hodge was responsible for 737 days. The court attributed 73 days to his requests for continuances,

8

and 664 days to the period from September 7, 2010, when he failed to appear at the omnibus hearing and the court issued an arrest warrant, to July 2, 2012, when he next appeared in the Justice Court following his arrest on the warrant. The court determined that the 181 days attributable to the State were due to institutional delay.

¶18 Hodge disputes the court's attribution of the 664-day period to him. He contends that he had no duty to bring himself to trial or to ensure diligent prosecution of the case against him. He cites *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686 (1992), and *State v. Larson*, 191 Mont. 257, 623 P.2d 954 (1981), for the proposition that delay in executing an arrest warrant is properly attributed to the State. Although he failed to appear at the evidentiary hearing and provide testimony in support of his motion to dismiss, Hodge nevertheless faults the State for not presenting any evidence that he was "actively avoiding the service of the bench warrant for any portion of the 664 day delay."

¶19 We recently rejected a similar argument by the defendant on similar facts in *City of Kalispell v. Gabbert*, 2014 MT 296, ¶¶ 19-20, ___ Mont. ___, ___ P.3d ___, and we do so again here. When an arrest warrant is issued in conjunction with the filing of criminal charges, the State must act diligently in executing the warrant. *Doggett*, 505 U.S. at 652-54, 112 S. Ct. at 2691; *Larson*, 191 Mont. at 262-63, 623 P.2d at 958; *see also State v. Lacey*, 2010 MT 6, ¶¶ 17, 19, 355 Mont. 31, 224 P.3d 1247. Delay due to negligence by government actors will be weighed more heavily against the State than delay due to an inability to locate the defendant despite diligent efforts. *Ariegwe*, ¶ 69; *Lacey*, ¶ 19. In *Doggett*, for example, the defendant was indicted in February 1980, but was not arrested until September 1988. 505 U.S. at 648-50, 112 S. Ct. at 2689-90. The

9

Supreme Court found that this delay of eight and one-half years was due to negligence by investigators and that it weighed heavily against the government. *Doggett*, 505 U.S. at 656-58, 112 S. Ct. at 2693-94.

¶20 We view the matter differently, however, for speedy trial purposes, when the arrest warrant is issued, as it was here, in the midst of the proceedings. Hodge had been arraigned. He was well aware that charges were pending against him, and he had entered pleas of not guilty to those charges. He knew that his case was progressing toward trial, and he had been ordered by the court to appear for the omnibus hearing. It was Hodge's failure to appear at the September 7, 2010 hearing that resulted in the issuance of the arrest warrant now at issue. We will not attribute the ensuing delay of 664 days to the State under these circumstances. We agree that a defendant is under no obligation to ensure diligent prosecution of the case against him or to help the State avoid dismissal for failure to timely prosecute him. *Zimmerman*, ¶ 18. The prosecution and the court have an affirmative constitutional obligation to try the defendant in a timely manner, and this duty requires a good-faith, diligent effort to bring him to trial quickly. *Ariegwe*, ¶ 65. Contrary to Hodge's arguments, however, this duty does not impose upon the Sheriff's Office the obligation to essentially "babysit" criminal defendants who have been released from custody pending trial. A defendant who chooses to keep himself deliberately ignorant of the proceedings, or who has knowledge of the proceedings and is voluntarily absent, should expect that the resulting delay in locating him and bringing him back to court may be attributed to him. *Cf. Gabbert*, ¶ 17 (a defendant's unjustified failure to appear for mandatory court hearings may constitute good cause for delaying his trial).

¶21 The 664 days of delay are attributable to Hodge's decisions (1) not to show up as ordered for the omnibus hearing and (2) to remain at large for 22 months. The Justice Court correctly assigned this delay to Hodge. Furthermore, we agree with the Justice Court that 737 days (80 percent) of the total 918-day delay are attributable to Hodge. Of that, the 664-day delay weighs heavily against him since it resulted from his deliberate choice to "walk away from the process" (as the District Court put it).

¶22 **Factor Three.** Hodge concedes that his failure to attend various pretrial hearings weighs against him. He seeks to minimize this, however, with the conclusory assertion that he was not actively avoiding the police or attempting to manufacture a speedy trial violation. He contends that Factor Three should be weighed in his favor. The Justice Court, however, found that Hodge did not desire a speedy trial, and the record amply supports this finding. Hodge repeatedly failed to appear for mandatory court hearings. He did not appear for the hearing on his speedy trial motion. He effectively absconded from the process. Hodge demonstrated no desire to be brought to trial at all, let alone brought to trial quickly. "'[B]arring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial.'" *Ariegwe*, ¶ 77 (quoting *Barker v. Wingo*, 407 U.S. 514, 536, 92 S. Ct. 2182, 2195 (1972)). Accordingly, we hold that Factor Three weighs heavily against Hodge.

¶23 **Factor Four.** Under the fourth factor, we consider whether the accused has been prejudiced by the pretrial delay in light of the interests that the speedy trial right was designed to protect: (i) preventing oppressive pretrial incarceration, (ii) minimizing

11

anxiety and concern caused by the presence of unresolved criminal charges, and (iii) limiting the possibility that the accused's ability to present an effective defense will be impaired. *Ariegwe*, ¶ 111. Hodge does not argue that he suffered specific prejudice under any of these considerations. We note that such an argument would be difficult to make, given that Hodge failed to appear and offer testimony in support of his motion. He instead relies on the presumption of prejudice that exists in this case due to the lengthy 918-day delay. Citing *Doggett*, 505 U.S. at 655-57, 112 S. Ct. at 2692-94, and the concurring opinion in *State v. Steigelman*, 2013 MT 153, ¶¶ 31-37, 370 Mont. 352, 302 P.3d 396, he argues that he need not make an affirmative showing of prejudice.

¶24 It is true that "'affirmative proof of particularized prejudice is not essential to every speedy trial claim.'" *Ariegwe*, ¶ 99 (quoting *Doggett*, 505 U.S. at 655, 112 S. Ct. at 2692). We have recognized that "'consideration of prejudice is not limited to the specifically demonstrable,' since 'excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.'" *Ariegwe*, ¶ 99 (quoting *Doggett*, 505 U.S. at 655, 112 S. Ct. at 2692-93). "Although it must be considered together with the other factors and 'cannot alone carry' a speedy trial claim, presumptive prejudice 'is part of the mix of relevant facts, and its importance increases with the length of delay.'" *Steigelman*, ¶ 36 (Baker & McKinnon, JJ., concurring) (quoting *Doggett*, 505 U.S. at 655-56, 112 S. Ct. at 2693).

¶25 Nevertheless, while there may be cases where the absence of affirmative proof of particularized prejudice will not defeat a speedy trial claim, those cases will be few and far between—most likely a case involving government bad faith or conduct similarly

egregious to that involved in *Doggett*, where the government's negligence caused delay six times longer than the delay necessary to trigger speedy trial review and where "the presumption of prejudice, albeit unspecified, [was] neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted [by the government]," *Doggett*, 505 U.S. at 658, 112 S. Ct. at 2694 (footnote and citation omitted). *Steigelman*, ¶ 37 (concurring opinion); *see also Ariegwe*, ¶ 60. We disagree with Hodge's contention that this is such a case. There is no delay attributable to either bad faith or negligence by the State of the sort that would entitle a presumption to carry the day without any showing of actual prejudice. Rather, the vast majority of the delay is attributable to Hodge's decision to abscond from the proceedings. Furthermore, there is no evidence that the delay disrupted Hodge's life; to the contrary, the only "disruption" identified by Hodge is the fact that his two-year hiatus from the proceedings came to an end and he was required to proceed to trial. The charges, consisting of ordinary traffic offenses, are not particularly complex, and there is no indication that any potential defense witness went missing or could not be located. Nor is there any indication that a potential defense theory or potentially exculpatory evidence became unavailable during the delay. Finally, as the prosecutor pointed out in the Justice Court, the police reports, videotapes, and Hodge's breath analysis have all been preserved and previously provided to the defense. We therefore conclude that Factor Four weighs in the State's favor.

¶26    **Balancing.** Balancing the four factors, the Justice Court concluded, and we agree, that Hodge's constitutional right to a speedy trial was not violated. Eighty percent of the total delay is attributable to Hodge, and most of that delay was due to Hodge's decision

to disengage from the process. The record establishes that Hodge did not actually want to be brought to trial. And while the presumption of prejudice is strong based solely on the length of the 918-day delay, this is not a case where the presumption alone is sufficient. It was incumbent on Hodge to demonstrate some prejudice in support of his speedy trial claim. The record, however, reflects that Hodge has suffered no prejudice at all from the delay.

## CONCLUSION

¶27    The Justice Court's denial of Hodge's motion to dismiss is supported by the record and is consistent with established law governing the right to a speedy trial. Hodge's right to a speedy trial was not violated. The District Court correctly refused to reverse the Justice Court's decision.

¶28    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE