FILED

12/13/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0184

DA 16-0184

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 326N

BARTLEY JOHN CRABTREE,

       Plaintiff and Appellee,

   v.

JOSH CZECH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. ADV-15-966
                Honorable Greg Pinski, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Steven T. Potts, Attorney at Law, Great Falls, Montana

       For Appellee:

              Bartley John Crabtree (Self-Represented), Great Falls, Montana

                          Submitted on Briefs:  November 2, 2016

                                  Decided:  December 13, 2016

Filed:

                      _____
                              Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Josh Czech (Czech) appeals from the District Court Findings of Fact, Conclusions of Law, and Order, which reversed the Justice Court decision in favor of Czech and remanded with instructions to enter judgment in favor of John Crabtree (Crabtree). We reverse.

¶3     In 2014, Crabtree, a construction contractor, employed Czech as a sub-contractor laborer and advanced him money during his employment. Czech did not make any payments on his debt to Crabtree. Czech acknowledged that he borrowed money from Crabtree, but contended that his debt was offset by a $2,000 finder's fee Crabtree had agreed to pay him for helping Crabtree to secure a construction project. He also claimed that Crabtree owed him an additional $786.31 in wages and materials.

¶4     On March 25, 2015, Crabtree filed a complaint against Czech, alleging that Czech was indebted to him the sum of $2,434 plus costs. A trial was held in the Cascade County Justice Court and, on October 21, 2015, the court entered its judgment, finding that Crabtree had failed to meet his burden of proof and awarding judgment to Czech. On November 17, 2015, Crabtree filed a timely appeal to the District Court, pursuant to

2

§ 25-33-102, MCA.[1]  The parties did not request a hearing.  On February 19, 2015, the District Court entered its Findings of Fact, Conclusions of Law, and Order Reversing Justice Court Decision.  Czech filed a timely appeal to this Court.

¶5    The Cascade County Justice Court is a court of record authorized by § 3-10-101(5), MCA.[2]  "In an appeal from a justice court established as a court of record, the district court functions as an intermediate appellate court and, as such, is confined to review of the record and questions of law."  *State v. Hodge*, 2014 MT 308, ¶ 11, 377 Mont. 123, 339 P.3d 8 (citing §§ 3-5-303, 3-10-115, MCA; *State v. Luke*, 2014 MT 22, ¶ 9, 373 Mont. 398, 321 P.3d 70).  Under § 3-10-115(3), MCA, "[t]he district court may affirm, reverse, or amend any appealed order or judgment and may direct the proper order or judgment to be entered or direct that a new trial or further proceeding be had in the court from which the appeal was taken."

¶6    We have previously held that a district court is not in a position to make findings of fact or discretionary trial court rulings when it is acting in its appellate capacity. *Stanley v. Lemire*, 2006 MT 304, ¶ 25, 334 Mont. 489, 148 P.3d 643.  Rather, the district court's power to review justice court decisions is provided by Montana's statutory law and, accordingly, is "confined to review of the record and questions of law."  Section 3-10-115(1), MCA.  A district court acting within its appellate capacity must review

---

[1] Section 25-33-102, MCA, provides that "[a]ny party dissatisfied with the judgment rendered in a civil action in a city or justice's court may appeal therefrom to the district court of the county at any time within 30 days after the rendition of the judgment."

[2] Under § 3-10-101(5), MCA, "[a] county may establish the justice's court as a court of record. If the justice's court is established as a court of record, it must be known as a 'justice's court of record' and, in addition to the provisions of this chapter, is also subject to the provisions of 3-10-115 and 3-10-116."

3

factual findings under the clearly erroneous standard, discretionary rulings for abuse of discretion, and both legal conclusions and mixed questions of law and fact under the de novo standard. *Stanley*, ¶ 25. "Our ultimate determination is whether the district court, in its review of the trial court's decision, reached the correct conclusions under the appropriate standards of review." *Stanley*, ¶ 26.

¶7 On appeal, Czech argues that the District Court erred in entering its factual findings. We agree. In this case, the District Court attempted to exercise original jurisdiction in this matter by conducting its own review of the Justice Court record[3] and entering its own findings of fact. However, as a court limited to appellate jurisdiction, the District Court may not make findings of fact when reviewing a justice court's decision. Therefore, we conclude that the District Court committed reversible error by failing to review the Justice Court's judgment in accordance with Montana law. We further find that the District Court erred in entering its conclusions of law based on the factual findings it entered in error. Once again, the District Court's limited role as an appellate court in this case precluded it from doing anything other than reviewing de novo any legal conclusions and mixed questions of law and fact decided by the Justice Court.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear

---

[3] Under § 3-10-115(2), MCA, the justice court's record on appeal to district court need only consist of "an electronic recording or stenographic transcription of a case tried, together with all papers filed in the action."

application of applicable standards of review. The District Court's interpretation and application of the law was incorrect.

¶9    Reversed and remanded to the District Court for further proceedings in accordance herewith.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE