FILED

04/10/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0561

DA 17-0561

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 86N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ADAM KENNETH JACKSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 15-687
Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Adam Kenneth Jackson, self-represented, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant
Attorney General, Helena, Montana

          Kirsten H. Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  March 21, 2018

Decided:  April 10, 2018

Filed:

                                      Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Adam Jackson (Jackson) appeals from the June 21, 2016 order of the Fourth Judicial District Court, Missoula County denying his motion to dismiss for violation of his right to speedy trial for failure to conduct his trial within the six-month deadline provided for in § 46-13-401(2), MCA. We affirm.

¶3 On May 9, 2015, Jackson was charged with driving under the influence of a dangerous drug in violation of § 61-8-401, MCA, and a seatbelt violation under § 61-13-103, MCA. He pled not guilty to both misdemeanor offenses on May 11, 2015. At the time of omnibus hearing on July 1, 2015, the State sought continuance as it had not received Jackson's toxicology report. As such, the Justice Court continued the omnibus to August 5, 2015. On August 5, 2015, in response to Jackson's request for continuance to provide him additional time to develop photographs of the arrest scene, the Justice Court continued the omnibus to September 2, 2015. On September 2, 2015, Jackson again requested continuance asserting he needed additional time to obtain his booking photo. Thus, the Justice Court continued the omnibus to October 7, 2015. Jackson failed to appear at the omnibus on October 7, 2015, and the Justice Court set trial for December 4, 2015.

On December 3, 2015, Jackson moved for dismissal for lack of speedy trial which the Justice Court denied finding Jackson had waived his right to speedy trial under § 46-13-401, MCA, by his prior motions for continuance.

¶4 Jackson was convicted of the DUI offense and found not guilty of the seatbelt violation at jury trial on December 4, 2015. The Justice Court imposed sentence and Jackson timely appealed the denial of his motion to dismiss for speedy trial to the District Court. The District Court likewise denied Jackson's motion to dismiss determining "Jackson waived his right to a speedy trial with his numerous continuances." Following a bench trial, Jackson was found guilty of the DUI offense and not guilty of the seatbelt violation. The District Court imposed sentence and Jackson filed a timely appeal.

¶5 Jackson asserts, albeit in a non-conforming brief, the Justice Court and District Court erred in not dismissing his case for violation of his right to a speedy trial as provided by § 46-13-401(2), MCA. The State counters Jackson's continuances constitute good cause for delaying the six-month time limit set forth in § 46-13-401(2), MCA.

¶6 Jackson's motion to dismiss for lack of speedy trial is based upon a legal interpretation made by the District Court, we will review the court's legal conclusions as to whether the court correctly interpreted the law. *State v. Luke*, 2014 MT 22, ¶ 10, 373 Mont. 398, 321 P.3d 70.

¶7 Section 46-13-401(2), MCA, provides:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed,

3

with prejudice, if defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

¶8 Jackson argues § 46-13-401(2), MCA, requires dismissal. We have previously found § 46-13-401(2), MCA, mandates the dismissal of a misdemeanor charge not brought to trial within six months only if two conditions are met: (1) the defendant has not asked for a postponement; and (2) the State has not shown good cause for the delay. *State v Fitzgerald*, 283 Mont. 162, 165, 940 P.2d 108, 110 (1997).

¶9 In this case, Jackson entered his not guilty plea on May 11, 2015. The six-month period would have ended on November 11, 2015. The Justice Court and District Court determined dismissal was not mandated by § 46-13-401(2), MCA, as Jackson's requests for continuance delayed trial and were, in essence, a waiver of his right to speedy trial.

¶10 This case is factually very similar to *Fitzgerald* where we held "that any pretrial motion for continuance filed by a defendant which has the incidental effect of delaying the trial beyond the six month time limit could be said to 'postpone trial' for purposes of § 46-13-401(2), MCA." *Fitzgerald*, 283 Mont. at 166-67, 940 P.2d at 111. *Fitzgerald* is controlling herein.

¶11 Dismissal of the charge against Jackson is not mandated by § 46-13-401(2), MCA. Jackson sought two continuances that necessitated the delay of trial. The Justice Court accommodated Jackson by granting him continuances. After these delays caused by Jackson, the Justice Court cannot be expected to vary its schedule to guarantee the misdemeanor charge is tried within six months. A justice court must maintain some

flexibility over its scheduling and docket. As such, we determine the trial date of December 4, 2015, fell within the "good cause to the contrary" exception set forth in § 46-13-401(2), MCA.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

5