FILED

02/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0398

DA 15-0398

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 32

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

JAMES MICHAEL STEWART,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 13-635
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

            Scott D. Twito, Yellowstone County Attorney, Robert S. Spoja, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  January 4, 2017

Decided:  February 21, 2017

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    James Michael Stewart (Stewart) appeals the order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his Motion to Dismiss for Lack of Speedy Trial.  We affirm and restate the issue on appeal.

*Did the District Court err by denying Stewart's speedy trial motion?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2    After leading officers on a high-speed chase, Stewart was arrested on August 3, 2013, in Yellowstone County, and charged with Criminal Endangerment, Driving Under the Influence of Alcohol or Drugs, Operation of a Motor Vehicle by a Person with Alcohol Concentration of 0.08% or more, Fleeing from or Eluding a Peace Officer, and Driving While Privilege to do so is Suspended or Revoked.  He posted bond on August 6, 2013, and was released.

¶3    Nine days later, Stewart was arrested on a warrant issued by Silver Bow County, where he was charged with Partner or Family Member Assault (PFMA).  Stewart could not obtain bail, and was detained in the Butte-Silver Bow Detention Center during that proceeding.  Thus, Stewart's Silver Bow County case proceeded simultaneously with his Yellowstone County case.  The timelines of these two cases intersect and, while this appeal concerns the Yellowstone County case, it is necessary to consider relevant events from both cases.[1]  The table below summarizes the key events in both cases leading to his motion to dismiss his Yellowstone County charges for lack of speedy trial:

---

[1] The record before us includes both the Yellowstone County and Silver Bow County cases.

2

| Date | County | Event/Action |
|---|---|---|
| Aug. 3, 2013 | Yellowstone | Stewart arrested in Yellowstone County |
| Aug. 6, 2013 | Yellowstone | Stewart released on bond |
| Aug. 15, 2013 (9:35 am) | Yellowstone | Stewart arraigned; Plead not guilty; First trial date set for Feb. 12, 2014 |
| Aug. 15, 2013 (8:12 pm) | Silver Bow | Stewart arrested on Silver Bow County warrant for PFMA |
| Aug. 15, 2013- Jan. 8, 2014 | Silver Bow | Detained in Butte-Silver Bow County Detention Center; Charged; Arraigned; Trial set for Jan. 21, 2014; Denial of Motion to be Released on Own Recognizance; Omnibus hearing |
| Jan. 8, 2014 | Silver Bow | Letter from Stewart complaining about his public defender and complementing Yellowstone County on efficiently handling his case there |
| Jan. 23, 2014 | Silver Bow | Stewart enters guilty plea to PFMA (would later move to withdraw this plea) |
| Jan. 23, 2014- Nov. 19, 2015 | Silver Bow | Before sentencing occurred on Nov. 19, 2015, Stewart filed numerous pleadings regarding withdrawal of his guilty plea, habeas corpus, and complaints about counsel |
| Jan. 27, 2014 | Yellowstone | Stewart files Motion to Continue Trial |
| Jan. 31, 2014 | Yellowstone | Stewart files Waiver of Speedy Trial |
| Jan. 31, 2014 | Yellowstone | Order Resetting Trial for May 5, 2014 |
| May 6, 2014 | Yellowstone | Stewart files Motion to Continue Trial |
| May 16, 2014 | Yellowstone | Stewart files Waiver of Speedy Trial |
| May 30, 2014 | Yellowstone | Order Resetting Trial for Sept. 16, 2014 |
| Sept. 3-5, 2014 | Yellowstone | State and Stewart file separate Status Reports requesting a jury not be assembled |
| Nov. 7, 2014 | Yellowstone | State files Motion to Transfer Defendant |
| Nov. 7, 2014 | Yellowstone | Order Granting State's Motion to Transfer Defendant |
| Nov. 13, 2014 | Yellowstone | Order Resetting Trial for Mar. 2, 2015 |
| Jan. 22, 2015 | Yellowstone | Stewart files Motion for Substitution of Judge, granted |
| Mar. 3, 2015 | Yellowstone | Order Resetting Trial for Apr. 20, 2015 |
| Mar. 12, 2015 | Yellowstone | Stewart files Speedy Trial motion |
| Mar. 17, 2015 | Yellowstone | Stewart writes complaining of counsel; Order Setting *Finley* Hearing for Apr. 6, 2015 |
| Mar. 27, 2015 | Yellowstone | Extension of time granted until Apr. 7, 2015 |
| Mar. 30, 2015 | Yellowstone | Order Resetting Hearing for Apr. 13, 2015 |
| Apr. 13, 2015 | Yellowstone | *Finley* Hearing held; Stewart stated he was satisfied with counsel |
| Apr. 17, 2015 | Yellowstone | Order denying Stewart's speedy trial motion |
| Apr. 20-21, 2015 | Yellowstone | Jury trial; Stewart found guilty of two charges |

3

¶4     In response to Stewart's speedy trial motion, the Yellowstone County District Court determined that the Yellowstone County proceeding began on August 3, 2013, when Stewart was arrested, and ended for purposes of the speedy trial clock on April 20, 2015, when Stewart's Yellowstone County trial commenced.   The District Court thus determined that a total of 626[2] days had passed between the two dates, which the District Court divided and attributed as follows:

| Beginning Event, Date | Ending Event, Date | Length of Delay | Party Responsible for Delay and Reason for Delay |
|---|---|---|---|
| Arrest Aug. 3, 2013 | First trial date Feb. 12, 2014 | 194[3] | State Institutional delay |
| First trial date Feb. 12, 2014 | Second trial date May 5, 2014 | 82 | Defendant Waiver of speedy trial |
| Second trial date May 5, 2014 | Third trial date Sept. 16, 2014 | 134 | Defendant Waiver of speedy trial |
| Third trial date Sept. 16, 2014 | Fourth trial date Mar. 2, 2015 | 167 | Defendant Indicated he would change plea; Filed Status Report requesting that a jury not be assembled; Motion for Substitution of Judge |
| Fourth trial date Mar. 2, 2015 | Fifth trial date Apr. 20, 2015 | 49 | State Institutional delay |

The District Court found the State responsible for 243 days of delay and Stewart responsible for 383 days of delay.   The District Court determined that Stewart had not been prejudiced by the delay, and held that Stewart had not been denied his constitutional right to a speedy trial.

¶5     Stewart appeals.

---

[2] The parties agree the calculation is actually 625 days.

[3] The District Court calculated this length to be 194 days; however, it is actually 193 days.

**STANDARD OF REVIEW**

¶6     A speedy trial violation presents a question of constitutional law, which we review *de novo* to determine whether the court correctly interpreted and applied the law. *State v. Butterfly*, 2016 MT 195, ¶ 6, 384 Mont. 287, 377 P.3d 1191 (citing *State v. Zimmerman*, 2014 MT 173, ¶ 11, 375 Mont. 374, 328 P.3d 1132). We review the factual findings underlying a speedy trial analysis for clear error. *State v. Morsette*, 2013 MT 270, ¶ 12, 372 Mont. 38, 309 P.3d 978 (citing *State v. Ariegwe*, 2007 MT 204, ¶ 119, 338 Mont. 442, 167 P.3d 815).

**DISCUSSION**

¶7     *Did the District Court err in denying Stewart's speedy trial motion?*

¶8     The right to a speedy trial is guaranteed by the United States Constitution and the Montana Constitution. Reviewing courts must analyze speedy trial motions by balancing four factors: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) the prejudice to the accused as a result of the delay. *Ariegwe*, ¶ 20. No single factor is dispositive and each must be considered under the totality of the relevant circumstances. *Ariegwe*, ¶ 112. The delay threshold to trigger a speedy trial analysis is 200 days. *Arigewe*, ¶ 41. Here the total length of delay was 625 days, making a speedy trial analysis necessary.

**Factor One: The Length of the Delay**

¶9     There is no dispute that the length of delay was 625 days. The length of the delay extended 425 days beyond the 200-day threshold.

5

**Factor Two: The Reason for the Delay**

¶10 Under *Ariegwe's* second factor, the causes of the delay are considered. *Ariegwe*, ¶ 113. Delays are divided into periods of time and attributed to the appropriate party. *Ariegwe*, ¶ 113. Further, we assign weight to the period based on the specific cause and motive for the delay. *Ariegwe*, ¶ 67. Because "[t]he prosecution bears the burden of explaining pretrial delays[,]" *Ariegwe*, ¶ 113, the longer the delay extends beyond the 200-day threshold, the more weight we assign to the State. *Ariegwe*, ¶ 49. However, any added weight assigned to the State does not relieve the defendant from providing evidence of prejudice. *Ariegwe*, ¶ 51. Finally, a valid reason for the delay is assigned less weight than other causes of delay. *Ariegwe*, ¶ 70.

¶11 Stewart does not contest the District Court's assignment of the 193 days between his arrest and the first trial date, and the 49 days between the fourth trial date and his trial to the State. Additionally, Stewart concedes that the 82 days between the first trial date and second trial date, and the 134 days between the second trial date and the third trial date, totaling 216 days, were appropriately assigned to him by the District Court because he twice sought continuances of these trial dates and waived his right to a speedy trial. However, Stewart asks that the circumstances contributing to his continuances and waivers be considered and that less weight be assigned to those 216 days because he "actively sought his transportation to Billings during this time period but was stymied." However, the circumstances giving rise to Stewart's continuance requests were Stewart's decisions for which Yellowstone County bore no responsibility. These periods clearly weigh heavily against Stewart's position in the overall analysis.

6

¶12 The parties' primary disagreement under factor two is the 167-day delay between the third and fourth trial dates. Stewart argues that, because the State is responsible for bringing a defendant to trial, it should be assigned these days. During this period, both Stewart and the State filed Status Reports asking that the District Court "not assemble a jury." Stewart's report further advised the District Court that "a change of plea has occurred or is scheduled." He also explained that the "Defendant is in Butte jail on other charges—Defense and Prosecution are seeking to have Defendant appear via transport or video for COP [(change of plea)] hearing." From the record it appears that both sides were working together to arrange Stewart's appearance by video to change his plea. However, these efforts failed. In the order resetting the trial for March 2, 2016, the District Court cited Stewart's Status Report as the reason the "trial date of September 16th, 2014[,] had passed with no resolution."

¶13 Delays during this period were occasioned by Stewart's representations regarding an intention to enter a plea and to arrange an appearance. However, the State must not lose sight of its responsibility to bring a matter to trial, even when an apparently cooperative defendant seeks delay of the trial for purposes of entering a plea. While much of the delay in this period is Stewart's responsibility, the State also bears some responsibility for allowing time to elapse before filing a motion, in November 2014, to transfer Stewart. Of course, Stewart then responded, not by entering a plea, but by moving to substitute the judge, filing complaints against his attorney, and proceeding to trial. Given Stewart's actions, he bears primary responsibility for the delay during this period.

**Factor Three: The Accused Response to the Delay**

¶14   Factor three "serves as an indicator of whether the accused actually wanted a speedy trial." *Ariegwe*, ¶ 84.  We take an integrated approach and must evaluate the "surrounding circumstances" to determine "the accused's various responses to the delays." *Ariegwe*, ¶ 85.  "[C]onduct demonstrating a desire to avoid trial weighs against the accused in the overall balancing." *Ariegwe*, ¶ 85; *State v. Reynolds*, 2017 MT 25, ¶ 29, 386 Mont. 267, ___ P.3d ___ (under factor three, defendant "deliberately avoided apprehension and indicated no interest at all in having a speedy trial").

¶15   Stewart twice waived his right to a speedy trial, filed a status report requesting that a jury not be assembled, gave assurances of his intent to enter a guilty plea, then moved for substitution of the judge, and made complaints about his attorney, which resulted in an unnecessary[4] *Finley* hearing.  This factor weighs heavily against Stewart.

**Factor Four: Prejudice to the Accused**

¶16   Under factor four, we determine if the accused has been prejudiced by the delay. *Ariegwe*, ¶ 86.  "[T]he speedy trial guarantee 'does not purport to protect a defendant from *all* [of the] effects flowing from a delay before trial.'" *Ariegwe*, ¶ 86 (emphasis in original) (quoting *United States v. Loud Hawk*, 474 U.S. 302, 311, 106 S. Ct. 648, 654 (1985)).  According to our speedy trial analysis there are three key factors to consider: (1) the nature of the incarceration; (2) the amount of disruption the incarceration has caused to the accused's life; (3) the accused's ability to present an effective defense.

---

[4] At the April 13, 2015 *Finley* hearing, Stewart testified that his defense counsel "is fine.  I mean [I] am satisfied with [defense counsel]."

8

*Ariegwe*, ¶ 113.  Of these three factors, the accused's ability to present an effective defense is the most important.  *Ariegwe*, ¶ 98.

¶17    Stewart and the State agree that his ability to present an effective defense was not prejudiced by his incarceration or by the delay.  Instead, Stewart argues that his incarceration was oppressive, due to its length.  He also asserts that the pretrial incarceration in Silver Bow County deprived him of the possibility a concurrent sentence and was prejudicial.  The State responds that Stewart was released on bail on the Yellowstone County case and, but for his arrest in the Silver Bow case, he would not have been incarcerated at all.  The State cites our holding in *Butterfly* that incarceration resulting from "previous felonies unrelated" to the case at issue are not oppressive.  *Butterfly*, ¶ 38.  We agree that Stewart's Silver Bow County detention is not considered oppressive for purposes of his Yellowstone County case.

**Balancing**

¶18    Stewart was responsible for much more of the delay than the State.  While the State bears some responsibility for the 425 days of delay beyond the 200-day threshold, the primary responsibility for this delay lies with Stewart.  Factors two, three, and four all weigh against Stewart, and the overall balancing, clearly, weighs against his claim.  Thus, we conclude that the District Court correctly denied Stewart's motion to dismiss for lack of speedy trial.

¶19    Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT